**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew W Shreeve, | No. CV-19-05864-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Public Safety, et al., | |
| Defendants. | |

On December 20, 2019, Plaintiff Mathew Shreeve filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis ("IFP"). Docs. 1, 2. The Court will grant Plaintiff's application for IFP status, screen his complaint, dismiss the complaint for failure to state a claim for relief, and grant Plaintiff leave to file a first amended complaint.

## I.     Application to Proceed In Forma Pauperis and Filing Fee.

Plaintiff attaches an affidavit on a court-approved form which shows that he receives a total monthly income of $250.00 and that he has monthly expenses totaling $1,690.00. Doc. 2 at 1-2. It is clear from Plaintiff's affidavit that he cannot pay or give security for fees and costs and still provide himself with the necessities of life. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). Plaintiff's motion for IFP status will be granted.

**II. Screening of Complaints.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although most § 1915 applications concern prisoner litigation, § 1915(e) applies to all IFP proceedings. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a pro se litigant is entitled to an opportunity to amend a complaint. *See Lopez*, 203

3    F.3d at 1127-29. Plaintiff's complaint will be dismissed for failure to state a claim, but

4    because it may possibly be amended to state a claim, the Court will dismiss it with leave

5    to amend.

6    **III.    Plaintiff's Complaint.**

7    In his complaint, Plaintiff sues the Arizona Department of Public Safety ("DPS")

8    and the Arizona Department of Administration. Doc. 1. Plaintiff appears to assert claims

9    relating to loss of potential wages, retirement assets, and quality of life due to an error in

10   DPS records. *Id.* at 5. He seeks more than $1 million in monetary damages. *Id.* The

11   complaint includes two handwritten pages listing what appear to be claims relating to

12   Plaintiff's "record" but he fails to identify what the "record" is or how Defendant's conduct

13   has harmed him.

14   **IV.    Failure to State a Claim.**

15   To prevail in a § 1983 claim, a plaintiff must show that the defendants took actions

16   under color of state law that deprived him of federal rights, privileges or immunities and

17   caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir.

18   2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278,

19   1284 (9th Cir. 1994)). In addition, the plaintiff must allege that he suffered a specific injury

20   as a result of the conduct of a particular defendant and he must allege an affirmative link

21   between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-

22   72, 377 (1976). Plaintiff's vague and conclusory allegations are insufficient to support a

23   conclusion that Defendants took specific actions that have harmed Plaintiff.

24   **V.    Leave to Amend.**

25   For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

26   a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first

27   amended complaint to cure the deficiencies outlined above.

28   Plaintiff must clearly designate on the face of the document that it is the "First

Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI. Warnings

### A. Address Changes.

Plaintiff must file and serve a notice of any change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik*, at 1260-61 (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

### C. Plaintiff Must Become Familiar With the Rules.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of

the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**IT IS ORDERED:**

(1)     Plaintiff's application to proceed in forma pauperis (Doc. 2) is **granted**.

(2)     The complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff shall file his amended complaint on or before **March 6, 2020** in compliance with this Order.

(3)     If Plaintiff fails to file an amended complaint on or before **March 6, 2020**, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 4th day of February, 2020.

David G. Campbell
Senior United States District Judge