**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew W. Shreeve,<br><br>Plaintiff,<br><br>v.<br><br>Douglas A. Ducey, Governor of the State of Arizona; Frank Milstead, Director of the Arizona Department of Public Safety; and Andrew M. Tobin, Director of the Arizona Department of Administration,<br><br>Defendants. | No. CV-19-05864-PHX-DGC<br><br>**ORDER** |

In December 2019, Plaintiff Mathew Shreeve filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. The Court granted Plaintiff leave to proceed in forma pauperis ("IFP") and dismissed the complaint with leave to amend. Doc. 6. Plaintiff filed a first amended complaint in February 2020, and, with Defendants' permission, filed a second amended complaint one month later. Docs. 7, 9. For reasons stated below, the Court will dismiss the second amended complaint without leave to amend.

**I.     Screening of IFP Complaints and Rule 8 Pleading Standards.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although most IFP applications under § 1915 concern prisoner

litigation, § 1915(e)(2) applies to all IFP proceedings. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). Section 1915(e)(2) "allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. Indeed, § 1915(e)(2) "not only permits but requires a district court to dismiss an [IFP]complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's alleged conduct. *Id.* at 681.

**II. Plaintiff's Second Amended Complaint.**

Plaintiff obtained Defendants' consent to file a second amended complaint (Doc. 9 at 8), which now is the operative complaint in this matter. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("after amendment the original pleading no longer performs any function and is treated thereafter as non-existent[.]") (citation and quotation omitted).

- 2 -

In his second amended complaint, Plaintiff sues Arizona Governor Doug Ducey, Arizona Department of Public Safety Director Frank Milstead, and Arizona Department of Administration Director Andrew Tobin. Doc. 9.[1] Plaintiff alleges defamation and violations of the Fifth, Eighth, and Fourteenth Amendments. *Id.* at 3. Plaintiff appears to assert claims relating to loss of potential wages, retirement assets, and quality of life due to an error in Department of Public Safety records. *Id.* at 6-7. He seeks more than $1.6 million in compensatory damages. *Id.* at 5.

### III.   Failure to State a Claim.

To prevail in a § 1983 claim, a plaintiff must show that the defendants took actions under color of state law that deprived him of federal rights, privileges, or immunities, and caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). The plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant, and must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff's conclusory allegations are insufficient to show that Defendants have committed defamation or violated his constitutional rights. He asserts that Defendants failed to correct information suggesting that he had a felony conviction, when in fact his case had been changed to a misdemeanor, causing him "to endure the consequences of a felon, without any court, legal action or due process." Doc. 9 at 7. But Plaintiff still fails to explain how the named Defendants – Governor Ducey and Directors Milstead and Tobin – committed defamation or violated his Fifth, Eight, and Fourteenth Amendment rights. Plaintiff provides no factual allegations that allow the Court to "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Court therefore must dismiss the complaint for failure to state a claim for relief. *See id.*; § 1915(e)(2).

---

[1] Defendant Milstead no longer occupies the office of Director. He was succeeded by Heston Silbert in March 2020.

**IV.    Dismissal Without Leave to Amend.**

Leave to amend, although normally granted liberally, "need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express*, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where the plaintiff repeatedly has failed to cure deficiencies by previous amendments and further amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Plaintiff has had three separate chances to plead his claims, and has not shown that the deficiencies can be cured through amendment. The Court therefore will deny further leave to amend. *See Foman*, 371 U.S. at 182; *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by amendment).

**IT IS ORDERED:**

1. Plaintiff's second amended complaint (Doc. 9) is **dismissed** for failure to state a claim for relief.

2. The Clerk is directed to **terminate** this action.

Dated this 29th day of April, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge